*United States District Court*

FILED

07 AUG 23 PM 4: 35

RICHARD W. WIEKING
CLERK, U S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FOR THE

**NORTHERN DISTRICT OF CALIFORNIA**

**CRIMINAL DIVISION**

**VENUE: OAKLAND**



UNITED STATES OF AMERICA

V.

RENATO GONZALES QUIAZON

**MJJ**

DEFENDANT.

**INDICTMENT**

A TRUE BILL.

**FOREMAN**

Filed in open court this _____23rd_____ Day of _Aug. 2007_

KAREN L. HOM

JOSEPH C. SPERO                    Clerk
UNITED STATES MAGISTRATE JUDGE

Bail, $ _no bail arrst warrent_

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

— OFFENSE CHARGED —

26 USC § 7206(1) - 4 counts
18 USC § 1343 - 11 counts
18 USC § 1956(a)(1)(B)(i)
12 counts

☐ Petty
☐ Minor
☐ Misde-
  meanor
☑ Felony

PENALTY:

26 USC § 7206(1) - 3 yrs impris., $100,000 fine, 1 yr superv.
rel., $100 Spec. Assess.;18 USC § 1343 - 20 yrs impris.,
$250,000 fine, 3 yr superv. rel., $100 Spec. Assess.; 18 USC
§ 1956- 20 yrs impris., $500,000 fine, 3 yr superv. rel..

— PROCEEDING —

Name of Complainant Agency, or Person (&Title, if any)

INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM     **SCOTT N. SCHOOLS**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    THOMAS MOORE, AUSA, TAX DIV.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

FILED
07 AUG 23 PM 4: 35
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTH DIST. OF CALIFORNIA

— DEFENDANT - U.S. —

▶ RENATO GONZALES QUIAZON

DISTRICT COURT NUMBER

**CR  07  0553  MJJ**

— DEFENDANT —

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other
charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer
been filed?  ☐ Yes
☐ No
} If "Yes"
give date
filed

DATE OF
ARREST  ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶  Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS ☐ NO PROCESS*  ☑ WARRANT  Bail Amount: $500,000

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments: Contact IRS Special Agent Cecilia Braga re service of Summons (925) 260-7926

SCOTT N. SCHOOLS
United States Attorney

FILED

07 AUG 23  PM 4: 35

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RENATO GONZALES QUIAZON

    Defendant.

No. CR- 05553 MJJ

**VIOLATIONS:**
26 USC § 7206(1)-False Return
18 USC § 1343-Wire Fraud
18 USC § 1956(a)(1)( B)(i)-Money
Laundering

## INDICTMENT

The Grand Jury charges:

## BACKGROUND

    1.    At times relevant to this indictment, RENATO GONZALES QUIAZON, was a resident in the Northern District of California.

    2.    Beginning in or about January, 2000 and continuing until in or about October, 2004, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendant RENATO GONZALES QUIAZON devised and intended to devise a scheme to fraudulently obtain payments of loan kickbacks, commissions, and cash outs/extraneous line items from borrowers' escrow accounts.

3.    It was part of the scheme that RENATO GONZALES QUIAZON was employed as a loan officer in the Emeryville, California branch of New Century Mortgage. In violation of company policy, RENATO GONZALES QUIAZON entered into an agreement with an independent mortgage broker to use his name, Alfonso Barretto (Barretto), and broker's license on loans that RENATO GONZALES QUIAZON processed as the loan officer through New Century Mortgage. By using the mortgage broker's identity on these particular loans, New Century Mortgage issued a one percent commission (one percent of the total loan amount) to the mortgage broker. As part of the agreement with the mortgage broker, the mortgage broker was to retain twenty percent of the commissions and pay RENATO GONZALES QUIAZON a kickback of eighty percent of the commissions. RENATO GONZALES QUIAZON deposited the checks for the kickbacks into his bank account. The wires into escrow accounts were in and affected interstate commerce.

**COUNTS ONE THROUGH ELEVEN**: (18 U.S.C. § 1343 - Wire Fraud)

4.    Paragraphs One through Three are hereby realleged and incorporated herein as if set forth in full.

5.    Defendant RENATO GONZALES QUIAZON arranged with Barretto to use Barretto's name and broker's license to obtain kickbacks of eighty percent of the loan commission that was issued to Barretto.

6.    In contrast to his arrangement with Barretto, defendant QUIAZON in or about 2002 started to get the commission checks directly, forge Barretto's signature on the back, and deposit the checks into his bank account.

7.    The defendant, for the purpose of executing the scheme and artifice to defraud described in paragraphs 2, 3, 5 and 6 above and in attempting to do so, caused to be used wires in interstate commerce to carry out essential elements of his scheme. From some time in 2002 until in or about October 2004, New Century Mortgage wired the commissions along with the loan proceeds via the Deutsche Bank in New York and Banker's Trust Company of New York to the title companies for disbursement in California.

///

8.    On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, defendant QUIAZON, did knowingly and willfully conduct financial transactions which used the wires and affected interstate commerce as set forth below:

| Count | Bank of America Account Where Check was Deposited | Wire Date and Amount of Wire | Wired From | Title Company | Payee | Amount of Check, Check Number and Date QUIAZON Deposited |
|---|---|---|---|---|---|---|
| 1 | B of A #11482-11728 | 8/30/2002 $163,215.49 | Banker's Trust Co. of New York | North American Title | Loan Express Mortgage c/o New Century Mortgage | $1,700 #157661 9/05/2002 |
| 2 | B of A #11482-11728 | 5/30/2003 $280,058.10 | Deutsche Bank of New York | North American Title | Loan Agency c/o New Century Mortgage Corp. | $2,900.00 #454095 6/03/2003 |
| 3 | B of A #11482-11728 | 6/30/2004 $466,407.77 | Banker's Trust Co. of New York | Common-wealth Land Title Co. | Loan Express | $4,680.00 #933369 7/09/2004 |
| 4 | B of A #11482-11728 | 6/30/2004 $250,014.04 | Banker's Trust Co. of New York | Common-wealth Land Title Co. | Loan Express | $4,680.00 #933369 7/09/2004 |
| 5 | B of A #11482-11728 | 10/01/2002 $240,003.61 | Deutsche Bank of New York | North American Title | Evelyn P. Grefaldia and Antonio B. Grefaldi | $6,369.00 #158528 10/18/2002 |
| 6 | B of A #11482-11728 | 2/28/2003 $294,932.89 | Deutsche Bank of New York | Financial Title | JCP/MCCBG | $952.00 #067796 3/26/2003 |
| 7 | B of A #11482-11728 | 4/22/2003 $249,170.66 | Deutsche Bank of New York | North American Title | Magdalena E. Ruiz | $1,505.40 #453057 4/29/2003 |
| 8 | B of A #11482-11728 | 2/19/2004 $296,348.25 | Deutsche Bank of New York | Fidelity National Title | Magdalena E. Ruiz | $3,076.00 #038912 3/09/2004 |
| 9 | B of A #11482-11728 | 2/09/2004 $285,013.94 | Deutsche Bank of New York | North American Title | Aloysius Casanas | $5,870.00 #459994 3/05/2004 |

| 10 | B of A #11482-11728 | 3/29/2004 $134,963.24 | Deutsche Bank of New York | North American Title | Aloysius Casanas | $9,500.00 #460938 4/05/2004 |
| 10 Con't | B of A #11482-11728 | 3/29/2004 $134,963.24 | Deutsche Bank of New York | North American Title | Capitol One Bank | $1,049.00 #460935 5/10/2004 |
| 11 | B of A #11482-11728 | 7/27/2004 $190,257.20 | Banker's Trust Co. of New York | Common-wealth Land Title Co. | Makeda Mahali | $7,787.91 #952943 8/02/2004 |
| 11 Con't | B of A #11482-11728 | 7/27/2004 $190,257.20 | Banker's Trust Co. of New York | Common-wealth Land Title Co. | Capitol One Bank | $791.00 #952937 8/17/2004 |

All in violation of Title 18, United States Code, Section 1343.

**COUNTS TWELVE THROUGH TWENTY-THREE**: (18 USC § 1956(a)(1)( B)(i) - Money Laundering)

9.    Paragraphs One through Eight are hereby realleged and incorporated herein as if set forth in full.

10.    On or about the dates set forth below, in the Northern District of California and elsewhere, defendant QUIAZON did knowingly conduct financial transactions affecting interstate commerce with the proceeds of a specified unlawful activity - namely wire fraud, a violation of Title 18, United States Code, Section 1343 - with the intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity, as follows:

| Count | Bank of America Account Where Check was Deposited | Wire Date and Amount of Wire | Wired From | Title Company | Payee | Amount of Check, Check Number and Date QUIAZON Deposited |
| --- | --- | --- | --- | --- | --- | --- |
| 12 | B of A #11482-11728 | 8/30/2002 $163,215.49 | Banker's Trust Co. of New York | North American Title | Loan Express Mortgage c/o New Century Mortgage | $1,700 #157661 9/05/2002 |

INDICTMENT                                4

| 13 | B of A #11482-11728 | 5/30/2003 $280,058.10 | Deutsche Bank of New York | North American Title | Loan Agency c/o New Century Mortgage Corp. | $2,900.00 #454095 6/03/2003 |
|---|---|---|---|---|---|---|
| 14 | B of A #11482-11728 | 6/30/2004 $466,407.77 | Banker's Trust Co. of New York | Common- wealth Land Title Co. | Loan Express | $4,680.00 #933369 7/09/2004 |
| 14 Con't | B of A #11482-11728 | 6/30/2004 $250,014.04 | Banker's Trust Co. of New York | " | " | Two wires into escrow account with one check issued |
| 15 | B of A #11482-11728 | 10/01/2002 $240,003.61 | Deutsche Bank of New York | North American Title | Evelyn P. Grefaldia and Antonio B. Grefaldi | $6,369.00 #158528 10/18/2002 |
| 16 | B of A #11482-11728 | 2/28/2003 $294,932.89 | Deutsche Bank of New York | Financial Title | JCP/MCCBG | $952.00 #067796 3/26/2003 |
| 17 | B of A #11482-11728 | 4/22/2003 $249,170.66 | Deutsche Bank of New York | North American Title | Magdalena E. Ruiz | $1,505.40 #453057 4/29/2003 |
| 18 | B of A #11482-11728 | 2/19/2004 $296,348.25 | Deutsche Bank of New York | Fidelity National Title | Magdalena E. Ruiz | $3,076.00 #038912 3/09/2004 |
| 19 | B of A #11482-11728 | 2/09/2004 $285,013.94 | Deutsche Bank of New York | North American Title | Aloysius Casanas | $5,870.00 #459994 3/05/2004 |
| 20 | B of A #11482-11728 | 3/29/2004 $134,963.24 | Deutsche Bank of New York | North American Title | Aloysius Casanas | $9,500.00 #460938 4/05/2004 |
| 21 | B of A #11482-11728 | 3/29/2004 $134,963.24 | Deutsche Bank of New York | North American Title | Capitol One Bank | $1,049.00 #460935 5/10/2004 |
| 22 | B of A #11482-11728 | 7/27/2004 $190,257.20 | Banker's Trust Co. of New York | Common- wealth Land Title Co. | Makeda Mahali | $7,787.91 #952943 8/02/2004 |
| 23 | B of A #11482-11728 | 7/27/2004 $190,257.20 | Banker's Trust Co. of New York | Common- wealth Land Title Co. | Capitol One Bank | $791.00 #952937 8/17/2004 |

///

///

INDICTMENT                                        5

**COUNT TWENTY-FOUR**:  (26 U.S.C. § 7206(1) - False Return)

11.    On or about the 15th day of April, 2002, in the Northern District of California, RENATO GONZALES QUIAZON, a resident of Hayward, CA, did willfully make and subscribe to his 2001 Federal Individual Income Tax Return, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Income Tax Return he did not believe to be true and correct as to every material matter in that the said Income Tax Return was false in that 1) defendant reported his wages as a statutory employee and deducted expenses from a business that did not exist, and 2) defendant did not report the loan kickbacks and other payments in the approximate amount of $79,635 that he received during that tax period, whereas, as he then and there well knew and believed that 1) defendant was not a statutory employee, and 2) defendant knew he had received loan kickbacks of approximately $79,635 during the tax period.

In violation of Title 26, United States Code, Section 7206(1).

**COUNT TWENTY-FIVE**:  (26 U.S.C. § 7206(1) - False Return)

12.    On or about the 15th day of April, 2003, in the Northern District of California, RENATO GONZALES QUIAZON, a resident of Hayward, CA, did willfully make and subscribe to his 2002 Federal Individual Income Tax Return, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Income Tax Return he did not believe to be true and correct as to every material matter in that the said Income Tax Return was false in that 1) defendant reported his wages as a statutory employee and deducted expenses from a business that did not exist, and 2) defendant did not report the loan kickbacks and other payments in the approximate amount of $104,572 that he received during that tax period, whereas, as he then and there well knew and believed that 1) defendant was not a statutory employee, and 2) defendant knew he had received loan kickbacks and other payments of approximately of $104,572 during the tax period.

In violation of Title 26, United States Code, Section 7206(1).

///

1  **COUNT TWENTY-SIX**:  (26 U.S.C. § 7206(1) - False Return)

2        13.      On or about the 15th day of April, 2004, in the Northern District of California,

3  RENATO GONZALES QUIAZON, a resident of Hayward, CA, did willfully make and

4  subscribe to his 2003 Federal Individual Income Tax Return, which was verified by a written

5  declaration that it was made under the penalties of perjury and was filed with the Internal

6  Revenue Service, which said Income Tax Return he did not believe to be true and correct as to

7  every material matter in that the said Income Tax Return was false in that 1) defendant reported

8  his wages as a statutory employee and deducted expenses from a business that did not exist, and

9  2) defendant did not report the loan kickbacks and other payments in the approximate amount of

10  $137,638 that he received during that tax period, whereas, as he then and there well knew and

11  believed that 1) defendant was not a statutory employee, and 2) defendant knew he had received

12  loan kickbacks and other payments of approximately of $137,638 during the tax period.

13        In violation of Title 26, United States Code, Section 7206(1).

14  **COUNT TWENTY-SEVEN**:  (26 U.S.C. § 7206(1) - False Return)

15        14.      On or about April, 15, 2005, in the Northern District of California, RENATO

16  GONZALES QUIAZON, a resident of Hayward, CA, did willfully make and subscribe to his

17  2004 Federal Individual Income Tax Return, which was verified by a written declaration that it

18  was made under the penalties of perjury and was filed with the Internal Revenue Service, which

19  said Income Tax Return he did not believe to be true and correct as to every material matter in

20  that the said Income Tax Return was false in that 1) defendant underreported the loan kickbacks

21  and other payments in the approximate amount of $108,816 that he received during that tax

22  period, and 2) it falsely claims on the Schedule C for the business name Clarissa G. Quiazon

23  with the business address of "C/O First Plus Funding Inc., San Ramon." Clarissa G Quiazon,

24  who is defendant's spouse and an accountant/bookkeeper, operated a loan consulting business

25  with the gross receipts of $64,722. The $64,722 that was falsely reported as gross receipts for

26  that business on that Schedule C were kickbacks that defendant earned and had paid in his

27  spouse's  name in order to further conceal his kickback scheme, whereas, as he then and

28  there well knew and believed that 1) he had received more income from the kickbacks

1 | and other payments in the amount of $108,816 more then he reported, and 2) defendant knew he

2 | used his wife's name in an attempt to hid income he received.

3 | In violation of Title 26, United States Code, Section 7206(1).

4 | A True Bill

5

6

7 | Dated: $\mathcal{S} \cdot \mathfrak{d} 3 - \mathfrak{d} \mathfrak{c} \mathfrak{c}$ 7    FOREPERSON

8

9 | SCOTT N. SCHOOLS
United States Attorney

10

11

12 | DOUGLAS SPRAGUE
Acting Chief, Criminal Section

13

14 | Approved as to Form

15

16 | THOMAS MOORE
Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                                      8